THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON THOMAS, | ) | CASE NO. 1:11 CV 02768 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| AT&T SERVICES, INC., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Defendant's Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d) and U.S.C. 1920 (ECF #46). The Plaintiff filed a response in opposition, and the Defendant has filed a reply. The matter is thus fully briefed and ready for disposition. The Court finds that the Plaintiff has failed to establish circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing Party. Therefore, the Defendant's Bill of Costs is GRANTED.

On March 20, 2013, the Court granted the Defendant's Motion for Summary Judgment pursuant to Federal Rule 56. As the prevailing party, Defendant seeks $8,578.02 in costs broken down into fees of the Clerk ($508.00); Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($7,399.70); and fees for exemplification and the costs of

1

making copies of any materials where the copies are necessarily obtained for use in the case ($670.32). The Plaintiff does not make specific challenges regarding the individual costs claimed, but instead urges the Court to exercise its discretion to deny the prevailing Defendant's request for costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)). Departures from the rule are permitted, and the Sixth Circuit has established objective criteria for use in ordering denials of costs under Rule 54(d). *Baker v. First Tennessee Bank Nat. Ass'n*, 96-6740, 1998 WL 136560, at *2 (6th Cir. Mar. 19, 1998) (citing *White & White*, 786 F.2d at 732 and *Goostree v. Tenn.*, 796 F.2d 854, 864 (6th Cir.1986)).

The costs to which a prevailing party is entitled are set forth in 28 U.S.C. § 1920, and include, *inter alia*, (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for the case. *See* 28 U.S.C. § 1920.

In the district court, "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption" favoring an award of costs to the prevailing party. *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959). The Sixth Circuit in *White*

2

*& White* described circumstances in which a denial of costs is a proper exercise of discretion under Rule 54 including: (1) cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large;" (2) cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; (3) cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant; and, (4) cases that are "close and difficult." *White & White*, 786 F.2d at 730.

Courts have also identified factors that a court may consider, but in the absence of other factors do not warrant an exercise of discretion under Rule 54(d). These relevant but insufficient bases for denying costs include the good faith of a losing party demonstrated in filing an action and the "propriety with which the losing party conducts the litigation." *Coyne-Delany v. Capital Development Board of Illinois*, 717 F.2d 385, 390 (7th Cir. 1983); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982).

Here, the Plaintiff cannot overcome the strong presumption in favor of awarding costs to the prevailing Defendant. Relying on the factors set forth in *White,* the Plaintiff claims that her case was "close and difficult," that she acted in good faith in filing and prosecuting the case, that she cannot pay the costs, and that taxing costs would have a "chilling effect" on other potential plaintiffs. Upon review, the Court is not persuaded that it is appropriate to deny an award of costs on the grounds asserted by the Plaintiff. For the reasons explained below, the Court finds that the Plaintiff has failed to establish circumstances sufficient to overcome the presumption favoring an award of costs to the Defendant.

First, the Plaintiff's case was not "close and difficult" under the requisite standard. In *White*, the Sixth Circuit held that a denial of costs is a proper exercise of discretion under Rule

3

54(d) where the case is "close and difficult." *Id.* The *White* court noted that, "the closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of the perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id.* In *White,* the case was "close and difficult" where it involved complex antitrust issues that required "protracted litigation" that "consumed 80 trial days, requiring 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript" and a 95-page opinion from the District Judge. *Id.* Alternatively, in *Hunter*, the Sixth Circuit concluded that the plaintiff's race and age discrimination claim was not sufficiently "close and difficult" to justify denial of costs to the prevailing party because of the "overwhelming evidence in favor of the employer" and the "plaintiff's own lack of qualifications, not improper racial animus on the part of the defendant, prevented [plaintiff] from attaining the position he desired." *Hunter v. General* Motor, 161 Fed. Appx. 502, 503 (6th. Cir. 2005).

Similarly, the Plaintiff's case is not "close and difficult" under the *White* standard and the Court declines to exercise its discretion in her favor. First, the Defendant summarily defeated the Plaintiff's legal claims on summary judgment based on straightforward analysis, the case did not go to trial, and lacked the overall complexity of the *White* antitrust litigation. Second, like the plaintiff in *Hunter*, the Plaintiff's unsatisfactory performance, not racial discrimination, led to her discharge. As in *Hunter,* where the record made clear that the employee's own lack of qualifications caused the negative employment action, this case's "record is replete with evidence that the Plaintiff became so focused on her job title that she neglected to fulfill her assigned job responsibilities." (ECF #44) The Plaintiff's "unsatisfactory performance" and her "combative behavior" resulted in poor performance evaluations and ultimately precipitated her discharge. This

4

Court readily recognized and conclusively found that Plaintiff had "not presented any evidence to support her retaliatory failure-to-hire allegations," and therefore she did not present a case sufficiently "close and difficult" to justify the Court exercising discretion in denying costs to the prevailing Defendant. (ECF #44)

Second, the Plaintiff's inability to pay is not considered by this Court in determining whether she should pay costs. As the Defendant correctly points out, the *Lichter* decision "negates the conclusion that the ability of a party litigant to pay costs is a valid criterion in assessing them." Therefore, Plaintiff's inability to pay is irrelevant.

Third, the Plaintiff's alleged good faith in filing the retaliation claim and "propriety" do not justify denying the Defendant's Bill of Costs. As rule, the good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations. However, good faith, without more, is an insufficient basis for denying costs to a prevailing party. *Coyne-Delany*, 717 F.2d at 390. The Plaintiff's assertions to illustrate her alleged good faith are not compelling. Similarly, the Plaintiff does not provide any support for her claim of "propriety" in bringing the case, and merely offers a one-sentence legal conclusion that "the Plaintiff acted appropriately in asserting her claim throughout the litigation." (ECF #47). The Plaintiff's conclusions are very weakly supported. Therefore, the Plaintiff's assertions do not convince the Court to exercise discretion in her favor.

In conclusion, none of the circumstances identified by the Sixth Circuit in which a denial of costs would be a proper are present in the Plaintiff's case and Court is not persuaded that the Plaintiff has met her burden. Further, the Defendant's documentation in support of its Bill of Costs demonstrates that their costs were reasonably necessary at the time incurred. The Plaintiff does not challenge the reasonableness of Defendant's costs.

Having determined that the Plaintiff has failed to establish circumstances sufficient to overcome the presumption favoring an award of costs to the Defendant, the Plaintiff shall bear the costs incurred by Defendant in the amount of $8,578.02. The costs include fees of the Clerk ($508.00); Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($7,399.70); and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case ($670.32). The Clerk of Court is hereby instructed to impose costs in accordance with Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 as set forth in the Defendant's Bill of Costs. (ECF #46).

IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 14, 2013